UNITED STATES DISCTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

LINDA BLANCHARD,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

1. Plaintiff is a citizen of the state of Louisiana.

2. Defendant, CARNIVAL CORPORATION (hereinafter "Carnival"), is a corporation incorporated under the law of Panama having its principal place of business in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

4. In the event this matter does not come under diversity jurisdiction of this Court, then this matter is being brought under the admiralty and maritime jurisdiction of this Court.

5. Defendant, at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or country or had an office or agency in this state and/or country;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

    e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

    f. Defendant, as a common carrier, was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard the vessel, M/V *Carnival Magic*.

6. At all times material hereto, Defendant Carnival is subject to the jurisdiction of the Courts of this state.

7. At all times material hereto, the causes of action asserted in this Complaint arise under the General Maritime Laws of the United States.

8. At all times material hereto, Defendant Carnival owned, operated, managed, maintained and/or controlled the M/V *Carnival Magic*.

9. On or about February 27, 2015, Plaintiff, Linda Blanchard, was a paying passenger on the M/V *Carnival Magic*, which was in navigable waters.

10. On or about February 27, 2015, while aboard the M/V *Carnival Magic*, Plaintiff suffered serious personal injuries as a result of Defendant's negligence when she tripped and fell over a raised metal threshold on the floor located near the elevators on Deck 10.

### COUNT I – NEGLIGENCE
### AGAINST DEFENDANT CARNIVAL

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through ten (10) as though alleged originally herein.

11. It was the duty of Carnival to provide Plaintiff with reasonable care under the circumstances.

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

12. On or about February 27, 2015, Defendant Carnival and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

13. On or about the previously mentioned date, Plaintiff was injured due to the fault and/or negligence of Carnival and/or its agents, servants, joint ventures and/or employees as follows:

    a. Failure to provide passengers, including Plaintiff, with a walking area free of tripping hazards, and/or;

    b. Failure to maintain a reasonably safe walking path in the area of the Plaintiff's fall, and/or;

    c. Failure to identify the tripping hazard(s) which caused Plaintiff to trip and fall, and/or;

    d. Failure to adequately inspect the area where Plaintiff suffered her accident, and/or;

    e. Failure to warn Plaintiff of the tripping hazard(s) posed to her by the raised metal threshold on which she tripped, and/or

    f. Failure to warn Plaintiff of the risk(s) and/or hazard(s) posed to her due to the lack of adequate maintenance and/or inspection of the area where Plaintiff suffered her accident, and/or;

    g. Failure to maintain the area where Plaintiff suffered her accident in a reasonably safe condition, and/or;

    h. Failure to correct the hazard(s) which caused Plaintiff to suffer her accident, and/or;

    i. Failure to eliminate and/or modify the hazard(s) which caused Plaintiff to suffer her accident, and/or;

    j. Failure to close off access to the area where Plaintiff suffered her accident until such time as the condition causing Plaintiff's accident was corrected, and/or;

k. Failure to ascertain the cause of prior similar accidents occurring on any of the Defendant's vessels fleet wide so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's accident, and/or;

l. Failure to use reasonably safe materials at the threshold where Plaintiff fell, and/or;

m. Failure to use a reasonably safe design for the flooring in the area of Plaintiff's incident, and/or;

n. Failure to promulgate and/or enforce adequate policies and procedures aimed at ensuring that the hazardous condition which caused Plaintiff's incident would be discovered and corrected, and/or;

o. Failure to promulgate and/or enforce adequate policies and procedures aimed at warning passengers, and Plaintiff in particular, of the hazardous condition that caused Plaintiff's injury, and/or;

p. Failure to promulgate and/or enforce adequate policies and procedures aimed at maintaining the Defendant's vessel in a reasonably safe condition for passengers.

All of which caused and/or contributed to Plaintiff becoming injured when she tripped and fell while walking onboard Defendant's vessel, the M/V *Carnival Magic*.

14. At all times material hereto, Defendant Carnival had exclusive custody and control of the M/V *Carnival Magic*.

15. At all times material hereto, Carnival violated the International Safety Management Code's goals and intent and failed to properly, adequately and safely implement the International Safety Management Code, and by extension, its own SQM Manual.

16. At all times material hereto, Carnival failed to have an adequate Safety Management System Manual aboard the M/V *Carnival Magic*, and/or failed to properly implement the Safety Management System Manual aboard the M/V *Carnival Magic*.

17. All of the above caused and/or contributed to Plaintiff being injured when she suffered the above described incident while onboard the M/V *Carnival Magic*.

18. Defendant Carnival knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Carnival, in the exercise of reasonable care under the circumstances, should have learned of the conditions and corrected them.

19. Further, the Plaintiff anticipates that discovery will reveal that, prior to the Plaintiff's incident, other passengers aboard Defendant's cruise ships were similarly injured tripping and falling over same or similar type of thresholds on Defendant's ships

20. As a result of the negligence of Carnival, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, physical handicap, post-traumatic stress disorder and other mental and/or nervous disorders, suffered the aggravation of any previously existing conditions and incurred medical expenses in the care and treatment of Plaintiff's injuries.  Plaintiff also lost the benefit of her entire vacation, cruise and transportation costs.  Further, the injuries resulting from her fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

    **WHEREFORE,** the Plaintiff demands judgment for all damages recoverable under the law against Carnival.

    Respectfully submitted,

Lipcon, Margulies, Alsina & Winkleman, P.A.

>LIPCON, MARGULIES,
>ALSINA & WINKLEMAN, P.A.
>*Attorneys for Plaintiff*
>One Biscayne Tower, Suite 1776
>2 South Biscayne Boulevard
>Miami, Florida 33131
>Telephone No.: (305) 373-3016
>Facsimile No.: (305) 373-6204
>
>By: */s/* Michael A. Winkleman
>**MICHAEL A. WINKLEMAN**
>Florida Bar No. 36719
>**PETER J. RIDGE**
>Florida Bar No. 114263